[See Case No. 15,308.]

---

## Case No. 15,800a.

### UNITED STATES v. MOONEY.

[37 Leg. Int. 317; [1] 14 Phila. 564; 26 Int. Rev. Rec. 267.]

District Court, E. D. Pennsylvania. July 13, 1880.

INTERNAL REVENUE — RETAIL LIQUOR DEALER — STAND-CASKS.

Stand-casks in a retail liquor dealer's saloon are not required to be marked or stamped, under section 3289 of the Revised Statutes, although they may hold over five gallons.

[1] [Reprinted from 37 Leg. Int. 317, by permission.]

This was an information for forfeiture. On the trial of the case the following was substantially the testimony given:

Thomas Serger, sworn: "I was appointed appraiser and visited Mr. Mooney's place, and saw a number of stand-casks containing over five gallons each. I saw no brands or stamps on them. The quantity was marked. No brands or stamps on any of them."

Cross-examined: "These were the usual ornamental stand-casks, arranged and built in, as is common in the trade here; four large stand-casks and seven riders. They each contained over ten gallons."

Government rests.

Defendant opens and calls:

John McConnell, sworn: "I am a liquor-dealer; for twenty years have been. I am familiar with stand-casks such as spoken of in this case They are used by a great number of retail dealers; pretty generally used. It is not advantageous to carry on the business without such stand-casks. The ordinary packages will open and the liquor evaporate; and there are other difficulties in keeping the liquor in original packages. We pump the liquor from the barrels into stand-casks. The stand-casks are painted and prepared for permanent use. The liquor is clearer as drawn from the stand-casks than when taken from the barrel. The stand-casks are fixtures in the store. Some of the smaller ones, as in this instance, can be taken out."

John K. Valentine, U. S. Dist. Atty.
R. P. White, for defendant.

BUTLER, District Judge. Judgment must be entered for the defendant, on the point reserved. I find nothing to justify the forfeiture. The defendant is a retail dealer. The spirits were found in "stand-casks," such as are customarily used in the trade,—vessels permanently affixed to the store, and constituting a part of the realty; containing, in this instance, each, as the witnesses say, "over five gallons." The claim to forfeiture is based on section 3289 of the Revised Statutes, which provides, that "all distilled spirits found in any cask or package, containing five gallons or more, without having thereon each mark and stamp, required therefor by law, shall be forfeited to the United States;" which section the plaintiffs' counsel reads as if the words "required therefor by law," were omitted, making it apply generally to such spirits found in all casks and packages whatever. This construction is not justifiable. The words referred to confine the application to spirits in such casks and packages (and in such quantities), as by other sections of the statute are required to be marked and stamped. These other sections are 3320, 3321 (as altered by the act of August 15, 1876; 19 Stat. 152), and 3323; which, plainly, are inapplicable to this case. No theorizing respecting the object of congress can extend the effect of these sections beyond the plain import of their terms. If it was intended to forfeit spirits found (in the quantities here shown) in all descriptions of unstamped vessels, it would have been easy to say so. That it was not said so leaves no room to doubt that it was not so intended. If this were open to doubt, however, it could not be forgotten that those who claim a forfeiture must be prepared to show a plain warrant for it.

Judgment must be entered for the defendant on the point reserved.